UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA<br>CDCR #J-48500,<br><br>                      Plaintiff,<br><br>vs.<br><br>ANTHONY J. BATTAGLIA,<br><br>                     Defendant. | Case No.: 3:18-cv-00941-CAB-BGS<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1) FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**AND**<br><br>**2) AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1), (2)** |

     STEVEN WAYNE BONILLA ("Plaintiff"), currently incarcerated at San Quentin State Prison ("RJD") located in San Quentin, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).

     Plaintiff seeks to "void" his Alameda County criminal judgment and death sentence and to be "released from unlawful incarceration and false imprisonment." (*Id.* at 3.) He claims Judge Battaglia "maliciously abused the legal process to deny [him] due process/meaningful access to the courts/ [and] equal protection, all while acting under

color of authority," *id.* at 6, and presumably by dismissing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that Plaintiff recently filed in *Bonilla v. Davis*, S. D. Cal. Civil Case No. 3:17-cv-01789-AJB-AGS.

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that every prisoner who is granted leave to proceed IFP must pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any

month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff did not pay the filing fee required to commence a civil action, nor has he filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)(1) and (2). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

And while the Court would typically grant him leave to file an IFP Motion, Plaintiff has abused that privilege and is precluded from doing so by 28 U.S.C. § 1915(g) unless he faced "imminent danger of serious physical injury" at the time of filing. He makes no such allegations here. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed *in forma pauperis* in any civil rights action." (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.)).

## II. Initial Screening per 28 U.S.C. § 1915A(b)

Even if Plaintiff paid the full filing fee or were eligible to proceed IFP, however, 28 U.S.C. § 1915A, also enacted as part of the PLRA, requires sua sponte dismissal of prisoner complaints like his, or any portions of them, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted). As noted above, Plaintiff seeks to vacate his criminal conviction and sentence and to sue Judge Battaglia pursuant to 42 U.S.C. § 1983 for dismissing his habeas petition. He may do neither.

First, to the extent he seeks to challenge to the validity of his conviction and sentence, a habeas corpus action is his sole federal remedy. A lawsuit under 42 U.S.C. § 1983 is inappropriate. *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence...."), *cert. denied*, 137 S. Ct. 645 (U.S. Jan. 9, 2017) (No. 16-6556); *cf. Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner ... habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.").

Second, to the extent Plaintiff claims Judge Battaglia is "liable for the damages and atrocities committed by the prosecution's civil conspiracy" to convict and sentence him, *see* ECF No. 1 at 19, his Complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) because Judge Battaglia is absolutely immune. *See Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that 28 U.S.C. § 1915(e)(2)(B)(iii) requires the court to dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief."); *see also* 28 U.S.C. § 1915A(b)(2) ("On review [of a civil action filed by a prisoner seeking redress from a governmental entity or officer] the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if [it]—(2) seeks monetary relief from a defendant who is immune.").

Judges are absolutely immune from damage liability for acts which are judicial in nature. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356. "[A]

judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356-37; *see also Forrester*, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Mireless v. Waco*, 502 U.S. 9, 12 (1991).

Here, Plaintiff contends Judge Battaglia was "bias" against him, "impede[d] due process under color of law," and "ignored the law and [Plaintiff's] rights," by refusing to vacate his judgment of conviction and "discharge" him from custody. *See* ECF No. 1 at 3, 5, 7. But despite Plaintiff's protestations that Judge Battaglia "ruled without authority," *id.* at 3, habeas corpus petitions are clearly matters over which a federal district judge has subject matter jurisdiction. *See* 28 U.S.C. § 2254(a); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts). Therefore, Plaintiff's claims for money damages against Judge Battaglia must be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b)(2) based on his absolute immunity. *See Mainez v. Gore*, No. 3:17-CV-01359-JAH-JLB, 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against Superior Court Judge subject to sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) & 1915A(b)).

When absolute immunity applies, claims for damages are frivolous. *See Baker v. King Cnty. Prosecutor's Office*, 981 F.2d 1257 (9th Cir. 1992); *see also Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (finding claims for damages against federal judge entitled to absolutely immunity patently frivolous).

Therefore, leave to amend this action is denied. *See Lopez v. Smith,* 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend").

///

## III. Conclusion and Order

For the reasons explained, the Court:

(1) **DISMISSES** this civil action based on Plaintiff's failure to pay the $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a);

(2) **DISMISSES** Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and (2);

(3) **CERTIFIES** that an IFP appeal in this case would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

Dated: June 21, 2018

Hon. Cathy Ann Bencivengo
United States District Judge